J-S57029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALBERT BAILEY CROSBY | |
| Appellant | No. 561 EDA 2016 |

Appeal from the PCRA Order dated January 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0804181-1961

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 05, 2017**

Appellant Albert Bailey Crosby appeals *pro se* from the order dismissing his fifth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1]  We affirm.

The PCRA court summarized the procedural history of this case:

> [Appellant] was charged with the murders of his wife and her lover.  His procedural history is remarkably complex. [Appellant] initially pled guilty to two charges of first degree murder on March 12, 1962, and the trial court imposed a sentence of life imprisonment.  [Appellant] subsequently filed a writ of habeas corpus at the state level, which was denied.  The denial was affirmed by the Pennsylvania Supreme [Court]. [Appellant] next filed a writ of habeas corpus at the federal level. The writ was also denied.  On appeal, however, the Third Circuit Court reversed and directed the award of a new trial. [Appellant] was tried before a jury, and was found guilty on both counts of first degree murder.  Again, the court imposed a sentence of life imprisonment.  The Supreme Court affirmed [Appellant's] sentence on June 28, 1971.

---

[1] Appellant filed unsuccessful PCRA petitions seeking post-conviction relief in 1981, 1998, 2004 and 2008.  PCRA Court Opinion, 1/19/17, at 2 n. 4.

On April 28, 1977, [Appellant's] request to the Governor of Pennsylvania for a commutation of his sentence was approved, and [Appellant] was released from prison on parole until 1999. In 1983, [Appellant] was arrested for attempted rape, indecent exposure, and simple assault. In 1984, [Appellant] was arrested for possession of a firearm. In both instances, the charges were withdrawn prior to trial due to the witnesses' failure to appear. In 1994, [Appellant] was arrested on four counts of violating the firearms act. Again, the charges were dismissed before trial. However, given the three arrests for eight separate criminal offenses, [Appellant's] parole was revoked, and he was returned to prison to serve the remainder of his life sentence.

[Appellant] filed a writ of habeas corpus on June 14, 2012. Thereafter, [he] filed a *pro se* PCRA petition, his fifth, on September 24, 2015. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served with notice of the court's intention to dismiss his PCRA petition on December 10, 2015. [Appellant] filed a response to the court's notice on January 20, 2016. This court dismissed the petition as untimely without exception and denied habeas corpus relief on January 28, 2016. On February 8, 2016, [Appellant] filed a timely notice of appeal to the Superior Court.

PCRA Court Opinion, 1/19/17, at 1-2 (footnotes omitted).

Appellant raises five issues, which we repeat verbatim:

1. Can [Appellant] be held continuously by the Department of Corrections without a legal and/or valid commitment order and judgment of sentence order signed by the sentencing judge and validated by statute and mandated by 42 Pa.C.S.A. § 9764?

2. Is [Appellant's] litigation timely when the government interfered by not providing his requested trial records of testimony and judgment of sentence order per 42 Pa.C.S.A. § 9545?

3. Did [Appellant] submit his petition timely when hearing *Alleyne* within 60 days?

4. Was [Appellant] entitled to a fair trial where a psychiatrist and the victim's wife were not permitted to testify, Pa. Constitution Article 1 § 9, 5th Amendment U.S. Constitution?

> 5. Is [Appellant] allowed the assistance of effective counsel, PA Constitution Art 1 § 9, 6th Amendment U.S. Constitution?

Appellant's Brief, 4/28/17, at 5-6 (unpaginated); restated verbatim in Appellant's "New Brief", 7/14/17, at 5-6 (unpaginated).[2]

It is well-settled that when reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be timely. In order to be timely, it must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, an untimely petition may be considered when the petition alleges, and the petitioner proves, that one of the three limited exceptions to the time for filing the petition set forth at 42 Pa.C.S. §

---

[2] Appellant filed two briefs and refers to his second brief as his "New Brief." In light of our disposition, we need not comment on the propriety of Appellant's second brief, which may be considered a reply brief.

9545(b)(1) is met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to proceed under an exception to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under Section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Whether a PCRA Petition is timely is a question of law; this Court's standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013). "The filing mandates of the PCRA are jurisdictional in nature and are strictly construed." ***Id.*** Consequently, "[a]n untimely petition renders this Court without jurisdiction to afford relief." ***Id.***

Here, the PCRA court explained:

> [Appellant's] judgment of sentence became final on or about September 27, 1971, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for seeking a petition for writ of *certiorari* in the United States Supreme Court expired. ***See id.*** § 9545(b)(3); U.S.Sup.Ct.R. 22 (effective July 1, 1970) (renumbered Rule 13). His petition, filed on September 24, 2015 was therefore manifestly untimely by approximately forty-four (44) years. ***See*** 42 Pa. Cons. Stat. § 9545(b)(1).

PCRA Court Opinion, 1/19/17, at 3 (omitting footnote 6, in which the court held that Appellant did not qualify for the PCRA's one-year "grace period" until January 16, 1997, for defendants filing their first PCRA petition and

whose conviction became final prior to PCRA's effective date of January 16, 1996).

Appellant's petition filed on September 24, 2015 is clearly untimely. The PCRA court explained why Appellant is not entitled to relief:

> In an attempt to establish a limited exception to the statutory time-bar, [Appellant] presented the Pennsylvania Supreme Court's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) and the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013) in an effort to invoke the "newly-recognized constitutional right" statutory exception, 42 Pa. Cons. Stat. § 9545(b)(1)(iii). Neither case, however, announced a new constitutional right that has been held to apply retroactively to untimely petitions on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 813-820 [(Pa. 2016)] (addressing the retroactivity of **Alleyne**); **see also Commonwealth v. Whitehawk**, [146 A.3d 266, 271] (Pa. Super. 2016) ("the **Hopkins** decision did not announce a "new rule," but rather simply assessed the validity of Section 6317 under **Alleyne** . . ."). Furthermore, [Appellant] failed to invoke either **Alleyne** or **Hopkins** within sixty days of the date they were decided, namely June 17, 2013 and June 15, 2015 respectively. See 42 Pa. Cons. Stat. § 9545(b)(2).
>
> The PCRA court did, however, evaluate [Appellant's] claim raised in his June 28, 2012 writ of habeas corpus claiming that the Department of Corrections ("DOC") lacked legal authority for his continued detention due to the lack of a written sentencing order, in contravention of 42 Pa. Cons. Stat. § 9764(a)(8) and 37 Pa. Code § 91.3. **See Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014) (concluding that the PCRA did not subsume an illegal-sentence claim based on the inability of the Department of Corrections to produce a written sentencing order). A review of the record confirmed that [Appellant] was sentenced on November 17, 1970 by the Honorable Emanuel Beloff, the Honorable James Cavanaugh, and the Honorable Joseph McGlynn to a term of life imprisonment. A copy of the sentencing order is being maintained by the Clerk of Courts of this court, and the docket reflects the pronouncement of sentence. Additionally, the Superior Court has held that even in the absence of a written sentencing order, the DOC retains detention authority. **Id.** . . .

[Appellant's] PCRA petition could not be considered because he failed to satisfy his burden of establishing an exception to the PCRA's statutory time-bar. Furthermore, although falling outside the ambit of the PCRA, [Appellant's] challenge to the legality of his detention was meritless.

PCRA Court Opinion, 1/19/17, at 4-5 (footnote omitted).

Upon review of the record, and based on the foregoing discussion, we find no error in the determination of the PCRA court. Accordingly, we affirm the order dismissing Appellant's fifth petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2017